RECEIVED
IN LAKE CHARLES, LA.

AUG - 3 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARTCO LIMITED PARTNERSHIP** | : | **DOCKET NO. 2:07CV2002** |
| | : | |
| VS. | : | JUDGE MINALDI |
| | : | |
| **BRUKS-KLOCKNER, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Having considered the arguments by Bruks-Klockner, Inc. ("Bruks") and Mid-South Engineering Company ("Mid-South'), this court will deny Bruks's Motion for Reconsideration [doc. 75].

This court has broad discretion in deciding motions to reconsider.[1] A FRCP 59(e) motion to reconsider should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.[2]

In the instant case, there has been no intervening change of law. Bruks has not produced any evidence that was not previously available but simply restates prior arguments. Bruks has not shown

---

[1] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 482-83 (5th Cir.2004).

[2] *See e.g., Schiller*, 342 F.3d at 567; *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990); *Russ v. International Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991), *cert. denied*, 503 U.S. 987, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992).

that this court made a clear error of law that would result in a manifest injustice.[3]

In the event the court denies the motion for reconsideration, Bruks has requested a designation of the court's June 1, 2010 Judgment as final pursuant to Rule 54(b). Rule 54(b) states:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Bruks asserts that it would be "unfair and an injustice if it is not allowed to offer Mid-South, who is a real party at fault if there is any liability in this case, to the jury."[4]

Fed.R.Civ.P. 54(b) reflects a balancing of two policies: avoiding the "danger of hardship or injustice through delay which would be alleviated by immediate appeal" and "avoid[ing] piecemeal appeals."[5] To enter a Rule 54(b) final judgment, this court must have disposed of "one or more ... claims or parties " and make an express determination that there is no just reason for delay. Fed.R.Civ.P. 54(b). Because this court dismissed with prejudice all claims against Mid-South, Mid-South is no longer a party before the court. Therefore, it is proper to designate the judgment

---

[3] . *Brown v. Mississippi Co-op Extension Service,* 89 Fed.Appx. 437, 439, 2004 WL 393325, 2 (5th Cir. 1994).

[4] Memorandum in Support of Motion for Reconsideration [doc. 75], pp. 8-9.

[5] *PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996).

2

granting summary judgment pursuant to Rule 54(b).[6]

Having determined that an appeal pursuant to Rule 54(b) is warranted, the court need not discuss Bruks's request for certification for immediate appeal pursuant to 28 U.S.C. § 1291(b).

Accordingly, a judgment will be issued designating the June 1, 2010, judgment as final pursuant to Rule 54(b).

Lake Charles, Louisiana, this 2 day of July, 2010.

Patricia Minaldi
United States District Judge

---

[6] *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 -741 (5th Cir. 2000).