RECEIVED
IN LAKE CHARLES, LA

FEB 25 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARTCO LIMITED PARTNERSHIP | : | DOCKET NO. 2: 07 CV 2002 |
| VS. | : | JUDGE MINALDI |
| BRUKS-KLOCKNER, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Presently before the court is an Appeal [doc. 157] by Bruks-Klockner, Inc ("Bruks")of Magistrate Judge Kay's order [doc. 153] granting the Motion for Leave to File a First Supplemental and Amending Complaint filed by Martco Limited Partnership ("Martco").

Standard of Review

Federal Rule of Civil Procedure 72 sets out two separate standards of review to be employed by a district judge in reviewing a magistrate judge's determinations. When a magistrate judge decides a non-dispositive motion, the district judge may, given a timely appeal, set aside the order if it "is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). Absent a timely appeal, the order stands. *Id.* When, however, a magistrate judge passes upon a dispositive motion, he or she may only issue a recommended decision, and if there is a timely objection, the district judge must engage in de novo review. Fed.R.Civ.P. 72(b). Absent a timely objection, the recommended decision ripens into an order. *Id.*

The order being appealed herein is non-dispositive, therefore this court will employ the "clearly erroneous or contrary to law" standard applicable to non-dispositive motions under Rule

72(a). *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010).

Analysis

It is clear from the record that this is a contentious case. Both parties accuse each other of attempting to mislead the court, while each selectively cites portions of the record which benefit their respective positions.

This suit was removed to this court on November 20, 2007. The initial scheduling order [doc. 19] stated that amendment of the pleadings was due by July 3, 2008. A Joint Motion for an extension of time to file amended pleadings was filed June 27, 2008 [doc. 20]. This motion was granted [doc. 23]. The new deadline for adding parties was August 18, 2008 [doc. 23]. A Second Joint Motion [doc. 24] to Extend the time to amend was filed. This motion was granted [doc. 25] and the new deadline was September 17, 2008.

On October 22, 2008 [doc. 40] the parties were advised that the trial date that had previously been set, June 15, 2009, was no longer available. The parties were also advised that "[a]ll currently existing scheduling order deadlines are upset to be reset when the trial is refixed."

Several months later Bruks filed to continue the trial date of September 27, 2010 [doc. 127]. Martco agreed to the continuance only if new pretrial deadlines, including the deadline to amend the pleadings, would be set [doc. 130]. Bruks filed a reply brief in which it stated that:

> Martco's attempt to procure a new deadline to amend its complaint to add additional parties to this case in conjunction with a trial continuance is patently unreasonable and unfounded. Martco is simply looking for an opportunity to amend its complaint to add certain parties that it somehow claims are the "alter egos" of Bruks and somehow liable for the claims set forth by Martco in this case. In sum, Martco is seeking to litigate veil piercing issues in this case before it even gets a money judgment against Bruks—which Bruks avers Martco is not entitled to under the facts of this case. [doc. 131]

2

Martco responded that "Bruks attempts to upset the trial date and at the same time prevent Martco from amending its pleadings to pursue legitimate claims against other parties who bear joint, solidary, and direct liability for the claims at issue" [doc. 132].

The Minutes dated August 26, 2010 [doc. 133] state that the Motion to Amend the Pleadings was due on September 15, 2010. Martco then filed the subject Motion to Amend/Correct [doc. 146] on September 15, 2010.

F.R.Civ.P. Rule 16(b) governs amendment of pleadings after a scheduling order deadline passes. *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.,* NA, 315 F.3d 533, 536 (5th Cir.2003). After that deadline, the "more liberal standard of Rule 15(a) appl[ies]" only if the movant demonstrates good cause for the modification of the schedule. *Id.* A scheduling order had been entered in this case. It is not clear that the motion to amend came after the expiration of the time provided in the scheduling order, as there is a docket entry allowing until September 15, 2010, to file the motion. *Sapp v. Memorial Hermann Healthcare System,* 2010 WL 5395679, 4 (5th Cir. 2010). Thus, the more liberal standard of Rule 15(a) is applicable to this case.

F.R.Civ.P. Rule 15(a) states:

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with

3

> the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> **(3) *Time to Respond.*** Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

This rule clearly states that "the court should freely give leave [to amend the pleading] when justice so requires." The Magistrate Judge had established a deadline of September 15, 2010 to file any motion to amend the pleadings. Martco's motion was filed on that date. The Magistrate Judge heard arguments and determined to allow the amendment.

This case has involved several complicated discovery issues that will not be made easier by the addition of seventeen (17) new parties. Martco asserts that, at Bruks' corporate deposition, Martco learned that Bruks' parent company, Bruks-Klockner AB (now Bruks AB) and Bruks Rockwood, Inc. (Formerly Rockwood Marterials Handling, Inc.) and its sister companies were in facts "Bruks" entities who designed and manufactured critical conveyor components, and that Bruks looked to its parent company and the consolidated "Bruks Group" entities as joint venturers. The consolidated Bruks-Klockner was the entity whose financials were provided to Martco to support the subject project. However, because Bruks has allegedly changed its name and the names of its parent and sister companies, Martco cannot be precluded from conducting discovery to ascertain the correct corporate identities.

This litigation has spanned a three year period, yet many of the delays were because key Bruks employees were located in Sweden. The Magistrate Judge considered the delays caused by Bruks, as well as possible relitigation of claims and consolidation of claims, before allowing the

amendment.

Finding that the Magistrate Judge's decision was not clearly erroneous or contrary to law,

IT IS ORDERED that the Magistrate Judge's order [doc. 153] allowing the amendment of the complaint is AFFIRMED.

Lake Charles, Louisiana, this 24 day of February, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE