RECEIVED
IN LAKE CHARLES, LA

APR 20 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARTCO LIMITED PARTNERSHIP | : | DOCKET NO. 2:07 CV2002 |
| VS. | : | JUDGE MINALDI |
| BRUKS-KLOCKNER, INC. | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is a Motion for Reconsideration [Doc. 206], filed by the defendant, Bruks, Inc. ("Bruks"). The plaintiff, Martco Limited Partnership ("Martco"), filed an Opposition [Doc. 221], and Bruks filed a Reply [Doc. 225].

## BACKGROUND

On February 25, 2011, this Court affirmed the Magistrate Judge's earlier order [R. Doc. 153] granting Martco's Motion to File a First Supplemental and Amending Complaint, which added seventeen new parties. [R. Doc. 204]. In affirming the Magistrate Judge's ruling, this Court first found that it was "not clear that the motion to amend came after the expiration of the time provided in the scheduling order." Thus, Rule 15(a) of the Federal Rules of Civil Procedure, not Rule 16(b), governed the propriety of the Magistrate Judge's order granting Martco's request to amend its pleading.

This Court next found that under the more liberal Rule 15(a) standard, the Magistrate Judge's order granting Martco's motion to amend its pleading was not clearly erroneous or contrary to law. Although this Court acknowledged that this lawsuit has expanded three years and the additional parties would not make the case easier to litigate, it nevertheless found that the Magistrate Judge properly granted the amendment after considering the delays caused by Bruks

1

as well as possible re-litigation of claims and consolidation of claims. Thus, this Court affirmed the Magistrate Judge's Ruling. [R. Doc. 204].

Bruks requests this Court to reconsider its earlier ruling, arguing, in part, that Rule 16(b) is the proper standard to determine whether an amendment to the pleadings is proper. When applying Rule 16(b), Bruks asserts that "good cause" does not exist to grant the amended pleading. Bruks also asserts that this Court erroneously affirmed the Magistrate Judge's Order granting Martco's motion for leave to amend even under Rule 15(a). In short, Bruks is rehashing the same arguments raised in its initial motion appealing the Magistrate Judge's ruling. [R. Doc. 206 & 225].

## STANDARD FOR ALTERING OR AMENDING JUDGMENT

A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 545-46 (W.D.La. 2001). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Banning Co.*, 6 F.3d at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Thus, to succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *see also Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration"). Rule 59(e) motions are "not

2

the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

## ANALYSIS

This Court finds that it did not commit a manifest error of law or fact in affirming the Magistrate Judge's Order. For sake of completeness, however, this Court will take up Bruk's arguments.

First, Bruks argues that Rule 16(b) applies to determine whether the Magistrate Judge erroneously granted Martco leave to amend its pleadings. The initial scheduling order in this case stated that all amendments to pleadings were due by July 3, 2009. [R. Doc. 19]. The parties filed a joint motion to extend the deadline to file amended pleadings, first on July 27, 2008 [R. Doc. 20] and again on August 11, 2008 [R. Doc. 24]. The deadline to amend pleadings was reset to September 17, 2008. [R. Doc. 25].

On October 22, 2008, the Magistrate Judge informed the parties that their June 15, 2009 trial date was no longer available; accordingly, the Magistrate Judge upset all the deadlines in the then existing scheduling order. [R. Doc. 40]. On January 12, 2009, a second Scheduling Order was entered [Doc. 49], but it did not include a deadline for amending pleadings.

On November 13, 2009, the trial date and all pre-trial deadlines were continued for a second time. [R. Doc. 60]. Just days later, the Magistrate Judge entered a third scheduling order, which did not reference any deadlines for amendments to pleadings. [R. Doc. 61].

On August 24, 2010, Bruks requested that the trial be continued for the third time. [R. Doc. 127]. Initially, it appeared that Martco opposed Bruks's request for a continuance. That same day, however, Martco filed a Motion seeking a continuance on the condition that the "continuance also sets new pretrial deadlines, including specifically the deadline to amend pleadings." [R. Doc. 130 at ¶ 2].

In a minute entry dated August 26, 2010, the Magistrate Judge granted the parties' request for a continuance and established a September 15, 2010 deadline for the parties to file a Motion to Amend their pleadings. Bruks takes issue with the language from the minute entry, noting that it only allowed Martco to request leave of Court to file an amended complaint and did not extend the deadline for Martco to file an amended complaint. [R. Doc. 206 ¶ 14]

Looking again at the Magistrate Judge's September 15, 2010 minute entry, Rule 15(a) is the correct legal standard. This is consistent with Martco's Motion to Continue the trial date, which the Magistrate Judge granted. In addition, the Magistrate Judge's order tracks the language of Rule 15(a)(2), which allows a party to "amend its pleading only with . . . the court's leave." Contrary to Bruks's assertion, when the Magistrate Judge set the pre-trial deadline for the parties to amend their pleadings on August 24, 2010, the Order implicitly superseded all earlier pre-trial deadlines.[1] Otherwise, it would be superfluous for the Magistrate Judge to issue such an order, as a party may request leave of court to amend its pleadings under Rule 15 before, during, and after trial. *See* Fed. R. Civ. P. 15(a)(2)-(b)(1). Thus, Rule 15(a)(2) is applicable in this case.

Under Rule 15(a)(2), this Court's earlier Order was not contrary to fact or law. The decision to grant a party leave to amend its pleading rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1962). However, the trial court's discretion is limited "[w]hen the motion is presented after undue delay or when it

---

[1] To the extent that the Magistrate Judge's order modified the pre-existing scheduling order, good cause existed to continue the trial date and re-set all deadlines, as the parties both asserted that good cause existed. Indeed, neither party was in a position to go to trial on September 27, 2010. Brucks specifically requested that the scheduling order be modified under Rule 16 of the Federal Rules of Civil Procedure to establish a new, later trial date. [R. Doc. 127]. Nonetheless, neither party has appealed the Magistrate judge's Order granting the parties' respective Motions to Continue.

4

would occasion *undue* prejudice to the opposition party." *Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 228 (5th Cir. 1983) (emphasis added).

As courts have routinely explained, every amendment of a complaint results in some degree of prejudice to the defendant. *See, e.g., Conroy Datsun Ltd. v. Nissan Motor Corp. in U.S.A.*, 506 F. Supp. 1051, 1054 (N.D. Ill. 1980). Undue prejudice, however, requires more than just prejudice to the opposing party. For example, courts have found undue prejudice where an amendment is made near the close of discovery on information already known or available prior to the filing of a motion to amend the pleadings. *See id.* at 1055. In short, prejudice is not "undue" when a motion to amend the pleadings is based on information that was unknown or unavailable prior to the filing of the motion. *Id.*

Here, Marco asserts that its basis for amending its pleadings was unknown prior to Bruks's corporate deposition. Bruks does not deny this contention, and the Magistrate Judge properly considered this in granting Martco's request to amend its pleading. In addition, many of the delays were because key Bruks employees were located in Sweden; thus, the timing of the motion does not preclude Martco from amending its complaint. While Martco is not free from fault, it cannot be said that the amended petition would result in undue prejudice to Bruks or that Martco's motion was presented after undue delay. Accordingly, it is

ORDERED that Bruks's Motion for Reconsideration [Doc. 206] is DENIED.

Lake Charles, Louisiana, this 19 day of April 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE