RECEIVED
IN LAKE CHARLES, LA.

JUL -5 2011

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARTCO LIMITED PARTNERSHIP** | : | **DOCKET NO. 2:07 CV2002** |
| **VS.** | : | **JUDGE MINALDI** |
| **BRUKS-KLÖCKNER, INC., et al** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion for a Certificate of Appealability and a Motion to Stay Pending Appeal, filed by the defendant, Bruks, Inc. ("Bruks"). [Doc. 253]. The plaintiff, Martco Limited Partnership ("Martco"), filed an Opposition. [Doc. 280]. Bruks filed a Reply. [Doc. 295].

## BACKGROUND

The background of this dispute has been fully briefed in two prior rulings. [R. Docs. 204 & 237]. Nevertheless, this Court will outline the most salient facts underlying the present motion.

The first Scheduling Order issued in this case established a July 3, 2008 deadline to add parties or amend the pleadings. [R. Doc. 19]. After the court issued the Scheduling Order, the parties filed two joint motions to extend the deadline to amend the pleadings and add new parties, [R. Docs. 20 & 24], which the Magistrate Judge granted. [R. Doc. 25]. This set the new deadline in September of 2008. Both the litigants and this Court are aware of this deadline, and the deadline remained largely unchanged until August of 2010.

On August 24, 2010, Bruks requested a continuance of the September 27, 2010, trial date. Martco initially opposed this request. [R. Doc. 127]. Yet on the same day, Martco filed its own

Motion to Continue the trial date. [R. Doc. 130]. Within this Motion, Martco explained that it would agree to a continuance of the trial date only if the Magistrate Judge also set new pretrial deadlines, including specifically the deadline to amend the pleadings. The Magistrate Judge granted both motions, and set a September 15, 2010, deadline for the parties to seek leave of court to amend their pleadings. Bruks has not and does not challenge this Order.

On September 15, 2010, Martco timely sought leave of Court to amend its pleadings to add seventeen new parties, [R. Doc. 146], which the Magistrate Judge granted. [R. Doc. 153]. Bruks timely appealed the Magistrate Judge's Order granting this request. [R. Doc. 157].

On review, this Court first held that Rule 16(b) of the Federal Rules of Civil Procedure governs pleading amendments "after a scheduling order deadline passes." [R. Doc. 204]. If, however, the scheduling order deadline to amend the pleadings has not passed, the more liberal standard provided in Rule 15 applies. *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see Sapp v. Memorial Herman Healthcare Sys.*, 2010 WL 5395679, at *4 (5th Cir. 2010). Neither party disputes that this is a correct statement of law.

Applying the facts to the law, this Court found that the Magistrate Judge amended the scheduling order to allow the parties until September 15, 2010 to file a motion to amend the pleadings in her earlier and unchallenged Order granting the parties' continuance. Thus, this Court applied Rule 15. After analyzing the amendment using Rule 15's more liberal standard, this Court upheld the Magistrate Judge's decision, finding that her Order granting the amendment was not clearly erroneous or contrary to law. [Doc. 204].

Undeterred, Bruks filed a Motion for Reconsideration, [Doc. 206], raising the same issues and arguments it had in its earlier appeal. Again, this Court found that Rule 15 governed the propriety of the amendment. Rule 15 applied not because there was a legal question as to whether Rule 16 applies to amendments after a scheduling order deadline passes, but because

2

this Court explicitly found that the Magistrate Judge amended the scheduling order deadline to amend the pleadings when she granted the parties' request for a continuance. Indeed, the Magistrate Judge issued a specific pre-trial deadline for the parties to seek leave of court to amend their pleading when she granted their respective requests for a continuance. After further analyzing the factual circumstances surrounding Martco's amendment under Rule 15 and finding that the interests of justice were served by the amendment, this Court denied Bruks' Motion for Reconsideration. [Doc. 237]

After taking two bites out of the apple, Bruks now seeks a third through a Certificate of Appealability. Bruks contends that there is a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Court's Orders may materially advance the ultimate termination of the litigation. The controlling question of law, according to Bruks, is whether Rule 16(b)'s "good cause" standard is applicable to Martco's Motion for leave based on the facts of this case.

## LAW & ANALYSIS

28 U.S.C. § 1292 governs the certification of interlocutory orders for appeal. A district court may certify an interlocutory order for immediate appeal if the district court finds and states in writing (1) "that the order involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*

The first prerequisite for a Certificate of Appealability is that the order for appeal must involve some disputed question of law. Moreover, "the question of law must be a *pure question of law*; permissive interlocutory appeals are not proper for determinations that involve application of law to fact." *Anderson v. Jackson*, No. 06-3298, 2007 WL 4414479, at *4 (E.D.La. Dec. 14, 2007) (citing *Louisiana Patients' Compensation Fund Oversight Bd. v. St. Paul Fire &*

*Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005)). Merely injecting the words "as a matter of

law" into the question is insufficient to create an issue of law. *See Louisiana Patients'*, 411 F.3d

at 588 (5th Cir. 2005) (refusing to review whether there was genuine dispute as any material fact

and whether the movant was accordingly entitled to judgment as a matter of law because those

questions were not pure questions of law under § 1292).[1]

Here, there is no "difference of opinion" over a question of law that would confront the

appellate court; namely, whether Rule 16(b)'s "good cause" standard applies to amendments

after the scheduling order deadline has passed. In the earlier Orders, this Court agreed with

Bruks that Rule 16(b)'s "good cause" standard applies to amendments after the scheduling order

deadline has passed. What Bruks is actually challenging is the application of the undisputed law

to the factual history of this case; that is, whether the Magistrate Judge's August 26, 2010 minute

entry extended the Scheduling Order deadline for the parties to amend their pleadings. This is not

a pure question of law. At best, the proposed appeal implicates the application of undisputed law

to the facts. *See id.* As a result, certification is inappropriate.

Moreover, the case Bruks relies upon in support of its Motion for a Certificate of

Appealability, *Black v. Rhone-Poulenc, Inc.*, 172 F.R.D. 188 (1997), is distinguishable. In that

case, the plaintiffs, relying solely on Rule 15(a), sought to amend their pleading after the

scheduled amendment periods had passed. *Id.* at 190. After a summary of the law governing

---

[1] While the Fifth Circuit has inconsistently applied the latter rule in some cases -- often reviewing
factual issues fairly included within the certified order – there has nevertheless been a pure
question of law underlying the appeal. *Compare Louisiana Patients'*, 411 F.3d at 588 (refusing
to review "whether [the plaintiff] presented sufficient evidence to raise a genuine issue of
material fact to preclude summary judgment," and instead reviewing "only whether the district
court erred in concluding that the [Louisiana Medical Malpractice Act] provides a cause of
action to the [plaintiff].") *with Luera v. M/V Alberta*, 635 F.3d 181, (5th Cir. 2011) (finding that
before it could consider the question of law certified for appeal, it must first consider whether
"the district court erred in permitting [the plaintiff] to amend her complaint" and reasoning that
the amendment issue was "fairly included" within the pure question of law certified for appeal).

pleading amendments as interpreted by various federal district courts, the court denied the

plaintiffs' request, holding that Rule 16(b)'s "good cause" standard applied to the amendment.

*Id.* at 190-91. In relevant part, the court certified the following issue for appeal under 28 U.S.C. §

1292: "whether the 'good cause' standard contained in Rule 16(b), Federal Rules of Civil

Procedure, is applicable [the] Plaintiffs' motion to amend the complaint where the scheduled

amendment periods have passed. . . ." *Id.* at 193. In short, the pure question of law for appeal in

*Black* was whether Rule 16(b)'s "good cause" standard was applicable to a pleading amendment

after the Rule 16 amendment period had passed. *Id.* By contrast, every party in this case

essentially concedes, as is consistent with this Court's earlier Orders and as noted extensively

above, that Rule 16(b)'s "good cause" standard applies to pleading amendments after the

scheduled amendment period has passed. Again, as noted above, the dispute proposed for appeal

is factual: whether the Magistrate Judge amended the pre-trial deadline to amend pleadings when

she granted the parties' request for a continuance, thus invoking Rule 15's less stringent standard

to pleading amendments. As a result, this Court's earlier Orders and Bruks' appeal do not

involve any "controlling question of law as to which there is substantial ground for difference of

opinion," and thus there is no need to consider the other issues raised by the parties' in their

briefs. *See* 28 U.S.C. 1292. Accordingly, it is

ORDERED that Bruks' Motion for Certificate of Appealability and a Motion to Stay

Pending Appeal, [Doc. 253], is DENIED.

Lake Charles, Louisiana, this ___ day of _____ 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5